IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FREDERICK DEWAYNE MALONE, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-617-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Frederick Dewayne Malone, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as an abuse of the writ and that a monetary sanction should be imposed. No service has issued upon Respondent.

I. Factual and Procedural History

Petitioner is serving a life sentence without the possibility of parole for his 2008 capital murder conviction in Tarrant County, Texas, Case No. 1128979R. Pet. 2, ECF No. 1. This is Petitioner's fourth federal habeas petition pursuant to § 2254 filed in this Court challenging the same conviction. The first was denied; the second was an unauthorized successive petition and transferred to the Fifth Circuit, which denied authorization to file the petition in this Court; and, the third was dismissed as an abuse of the writ. Op. & Order, Malone v. Stephens, Civil Action No. 4:13-CV-718-O, ECF No. 27; Order, Malone v. Stephens, Civil Action No. 4:16-CV-087-O, ECF No. 8; Op. & Order, Malone v. Davis, Civil Action No. 4:16-CV-1014-Y, ECF No. 6. The Court takes judicial

notice of the pleadings and state court records filed in Petitioner's prior federal habeas actions. The procedural and factual history relevant to this case is set forth in the Court's Opinion and Order in *Malone v. Stephens,* Civil Action No. 4:13-CV-718-O, ECF No. 27.

II. Successive Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[1] The Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

To the extent Petitioner attempts to file another habeas petition pursuant to § 2254 challenging his 2008 capital murder conviction raising claims that were or could have been raised in his prior petition(s), the petition is successive. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). To the extent he attempts to file another habeas petition pursuant to § 2254 challenging his 2008 capital murder conviction presenting alleged "newly

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

discovered evidence" in support of a prior claim(s), the petition is successive. *See Gonzalez v. Crosby,* 545 U.S. 524, 530-31 (2005). And, finally, to the extent he attempts to file another § 2254 petition challenging his 2008 capital murder conviction based on actual innocence, the petition is successive. *See In re Flowers,* 595 F.3d 204, 205 (5th Cir. 2009). Petitioner is well aware of the requirement that he must obtain authorization from the Fifth Circuit Court of Appeals to file a successive petition as previously instructed by this Court. 28 U.S.C. § 2244(b)(3)(A). And, both this Court and the Fifth Circuit has warned Petitioner that sanctions will be imposed if he persists in filing § 2254 petitions seeking relief from his 2008 conviction. Op. & Order, Malone v. Davis, Civil Action No. 4:16-CV-1014-Y, ECF No. 6 & Order, ECF No. 15. Having failed to heed those warnings, the Court finds that the current petition is an abuse of the writ and that sanctions should be imposed.

Accordingly, due to Petitioner's frivolous and repetitive pleadings filed in this Court challenging the same 2008 capital murder conviction, which have taken up a disproportionate amount of the Court's time and resources, it is ORDERED that he pay a monetary sanction of $150 to the clerk of this Court. Petitioner is **BARRED** from filing any future pleadings or motions (however they are styled) challenging his 2008 capital murder conviction until the sanction is paid in full unless he first obtains leave of the court in which he seeks to file his pleading or motion.

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as an abuse of the writ and a monetary sanction in the amount of $150 is imposed. A certificate of appealability is DENIED.

SO ORDERED on this 2nd day of August, 2018.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE